IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES EDWARD LEE,                         :

    Petitioner,                         :
                                 CIVIL ACTION 15-0034-CG-M
v.                                        :
                                 CRIMINAL ACTION 11-00371-CG-M
UNITED STATES OF AMERICA,                 :

    Respondent.                         :

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 106) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner James Edward Lee. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma*

1

*pauperis*.

Lee was indicted on December 28, 2011 for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1).  On March 19, 2012, Lee entered into a plea agreement in which he admitted to being a felon in possession of a firearm (Doc. 58).  On September 18, 2012, United States District Court Judge Granade sentenced Petitioner to ninety-two months on the conviction as well as three years of supervised release following his release from prison and an assessment of one hundred dollars (Doc. 100).  Lee did not appeal his conviction or sentence (Doc. 99).

Petitioner filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on January 12, 2015 in which he raises the single claim that his sentence was too long based on the statute under which he was sentenced (Doc. 106).  Respondent filed a response on March 5 (Doc. 108) to which Petitioner replied (Doc. 112).

Before taking up Lee's claim, the Court notes that Respondent has answered the Petitioner, arguing that this petition should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 108, pp. 3-4).  Respondent refers to provisions of the Anti-Terrorism and

Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which

amended, in pertinent part, 28 U.S.C. § 2255.  The specific

provisions state as follows:

>A prisoner in custody under sentence of a
>court established by Act of Congress
>claiming the right to be released upon the
>ground that the sentence was imposed in
>violation of the Constitution or laws of the
>United States, or that the court was without
>jurisdiction to impose such sentence, or
>that the sentence was in excess of the
>maximum authorized by law, or is otherwise
>subject to collateral attack, may move the
>court which imposed the sentence to vacate,
>set aside or correct the sentence.
>
>***
>
>A 1-year period of limitation shall apply to
>a motion under this section.  The limitation
>period shall run from the latest of--
>
>>(1) the date on which the judgment of
>>conviction becomes final;
>>
>>(2) the date on which the impediment to
>>making a motion created by governmental
>>action in violation of the Constitution
>>or laws of the United States is
>>removed, if the movant was prevented
>>from making a motion by such
>>governmental action;
>>
>>(3) the date on which the right
>>asserted was initially recognized by
>>the Supreme Court, if that right has
>>been newly recognized by the Supreme
>>Court and made retroactively applicable
>>to cases on collateral review; or
>>
>>(4) the date on which the facts

>           supporting the claim or claims
>           presented could have been discovered
>           through the exercise of due diligence.

28 U.S.C. § 2255(f).  The AEDPA became effective on April 24,
1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir.
1998).

Since he did not file an appeal, Lee's conviction became
final on October 2, 2012, fourteen days after the entry of
judgment.  F.R.App.P. 4(b)(1)(A)(i) ("In a criminal case, a
defendant's notice of appeal must be filed in the district court
within 14 days after [] the entry of either the judgment or the
order being appealed").  The next day, the AEDPA clock began,
running through October 2, 2013, the last day Petitioner could
timely file this petition.  This petition was filed on January
12, 2015.

Lee has stated that he did not file his action sooner
because he did not know his options, laying the blame at his
attorney's feet (Doc. 112).  The Court notes that there is no
constitutional right to counsel on collateral review of a
conviction, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), so
there is no right to effective assistance of counsel on
collateral review, *Wainwright v. Torna*, 455 U.S. 586, 587-88
(1982), and such ineffective assistance does not excuse Lee's

4

filing this action too late.  *Toles v. Jones*, 888 F.2d 95, 99-100 (11th Cir. 1989), *cert. denied*, 506 U.S. 834 (1992); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

Nevertheless, the Court will treat Lee's reply as a request to consider this petition to have equitably tolled the statute. Under *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999), *cert. denied*, 531 U.S. 971 (2000), "[e]quitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Petitioner has not demonstrated any extraordinary circumstances; he has certainly not been diligent in the filing of this action as it comes more than fifteen months too late.  The Court finds that Petitioner has not demonstrated any basis for finding that he has equitably tolled the statute.

Lee has raised a single claim in this petition.  However, his petition was filed too late and is due to be dismissed under AEDPA.  Therefore, it is recommended that the petition be denied and that this action be dismissed.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a

5

certificate of appealability when it enters a final order
adverse to the applicant"). The habeas corpus statute makes
clear that an applicant is entitled to appeal a district court's
denial of his petition only where a circuit justice or judge
issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only
where "the applicant has made a substantial showing of the
denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
Where a habeas petition is denied on procedural grounds, "a COA
should issue [only] when the prisoner shows . . . that jurists
of reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right and that
jurists of reason would find it debatable whether the district
court was correct in its procedural ruling." *Slack v. McDaniel*,
529 U.S. 473, 484 (2000). As Lee has not filed this action in a
timely manner, a reasonable jurist could not conclude that this
Court errs in dismissing this petition or that he should be
allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a
plain procedural bar is present and the district court is
correct to invoke it to dispose of the case, a reasonable jurist
could not conclude either that the district court erred in
dismissing the petition or that the petitioner should be allowed
to proceed further").

<u>CONCLUSION</u>

It is recommended that Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. § 2254 be denied (Doc. 106). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*. Finally, it is recommended that judgment be entered in favor of Respondent, the United States of America, and against Petitioner James Edward Lee.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the

party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 7th day of May, 2015.


s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE